IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| MARY F. COLLINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-0425-CV-W-ODS |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social Security | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER AND OPINION REVERSING AND REMANDING CASE
TO COMMISSIONER OF SOCIAL SECURITY FOR RECONSIDERATION
PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g)**

Plaintiff's applications for Supplemental Security Income and disability benefits were denied by the Commissioner. The Court agrees with most of the Commissioner's analysis, but the case must be remanded for reconsideration in light of Plaintiff's mental limitations.

Plaintiff was born in August 1953, completed the twelfth grade, and has over twenty years of work experience. Most of her work has been in the area of childcare, but she also has past experience as a home health aide and a housekeeper. She alleges she became disabled on December 12, 2001, due to a combination of back pain, obesity, high cholesterol, depression, anxiety, and mental retardation. The ALJ discounted the severity of Plaintiff's physical complaints and her depression based on the reports of her treating physicians and concluded she retained the functional capacity to lift and carry fifteen to twenty pounds, stand or walk for four to five hours in an eight hour workday, sit for up to one hour continuously and six hours total in an eight hour workday, could not climb ladders, ropes or scaffolds but occasionally could balance, stoop, crouch or crawl. Plaintiff has not seriously challenged these findings on appeal to this Court, and there is substantial evidence in the record as a whole to support them. In light of the grounds for reversing and remanding the Commissioner's final decision, there is no need for a detailed discussion of these facts.

A Vocational Expert ("VE") testified that Plaintiff's prior work was at the medium exertional level. R. at 288. In response to a hypothetical assuming a person who was "limited to unskilled, entry level work at the light level," the VE testified such a person could perform work as a cashier, duplicating machine operator, messenger, or bench assembler. R. at 288-89. When asked to assume that the person had difficulties with basic math, the VE testified that an inability to count money would preclude work as a cashier. R. at 289. Finally, when asked a hypothetical assuming a person with limitations the ALJ s ultimately found to be possessed by Plaintiff, the VE testified the person could not perform work as a messenger but could perform the duties of duplicating machine operator or bench assembler. R. at 290-91. Consistent with the VE's testimony, the ALJ ultimately found Plaintiff could perform those jobs.

Following the hearing, additional evidence bearing on Plaintiff's mental abilities was introduced. Those records included the results of an IQ test administered when Plaintiff was fourteen years old and indicated she had an IQ of 54. This score was consistent with Plaintiff's placement in special education classes.

The ALJ rejected Plaintiff's contention that she met the standards of a listed impairment based on her first IQ score of 54 and placement in special education because Plaintiff did not demonstrate deficits in adaptive functioning. In addition, "the claimant's treating physician . . . has rejected a diagnosis of mental retardation and opined that the claimant likely functions in the low average to borderline range of intelli[g]ence. Furthermore, the claimant's ability to work as a child care provider for several years is markedly inconsistent with a finding that she is mentally retarded or disabled . . . ." R. at 19.

More recently, Plaintiff was seen on a consulting basis by a psychologist (Dr. Franklin Boraks) in December 2004. Tests administered by Dr. Boraks revealed Plaintiff was reading at slightly above the third grade level, could spell at the third grade level, and could perform math at the fifth grade level. Dr. Boraks diagnosed her as suffering from mild mental retardation and assessed her IQ score as 56. R. at 255-57. It must be noted this record was created and submitted after the ALJ issued his opinion, so the ALJ cannot be faulted for failing to discuss it. However, Dr. Boraks' report was

submitted to and accepted by the Appeals Council when it denied Plaintiff's request for review, so while the ALJ's written opinion stands as the Commissioner's final decision it must be evaluated in light of all the evidence in the record – including the evidence accepted by the Appeals Council. E.g., Jones v. Barnhart, 335 F.3d 697, 702 (8th Cir. 2003).

Plaintiff contends she is presumptively disabled based on the listed impairments contained in the Commissioner's regulations. She relies on Listing 12.05, which explains that "[m]ental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22." To satisfy the Listing, a claimant must satisfy one of four requirements; Plaintiff first focuses on the second one which requires an IQ score of 59 or less. Alternatively, she relies on the third requirement, which calls for an IQ score "of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation or function." While these listings appear straightforward, case law demonstrates otherwise. An IQ score may be rejected if it is inconsistent with the record, including evidence of the claimant's activities. In particular, a claimant with a low IQ who has been able to work for an extended period of time may not qualify under the listing. Miles v. Barnhart, 374 F.3d 694, 699-700 (8th Cir. 2004). Plaintiff's ability to work for over twenty years demonstrates that she was not disabled regardless of her IQ, and the ALJ was not required to find her disabled in light of Listing 12.05.

This does not mean, however, that Plaintiff's IQ is irrelevant. While Plaintiff's ability to work may not be determinable at the third step of the five step sequential analysis, her mental abilities remain relevant at steps four and five. The ALJ tacitly found Plaintiff's physical limitations precluded her from returning to her past work: her previous work was performed at the medium level of exertion and Plaintiff is limited to light work. In examining step five, the ALJ was required to consider all of Plaintiff's physical and mental limitations, but the record does not reflect any considerations of Plaintiff's low IQ. The case must be remanded so the ALJ can elicit testimony from a

VE to determine whether Plaintiff retains the mental capacity to perform the jobs the VE identified in the prior testimony.  Cf. Swope v. Barnhart, No. 05-1315, slip op. at 3-5 (8th Cir. Jan. 31. 2006).  If Plaintiff cannot perform those jobs, and if there are no other jobs Plaintiff can perform in light of her physical and mental capabilities, she must be found to be disabled.

The Commissioner's final decision is reversed, and the case is remanded for reconsideration.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
DATE: February 6, 2006                             UNITED STATES DISTRICT COURT